UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND     *
ALLIED TRADES INDUSTRY
PENSION FUND, *et al.*,     *

    Plaintiffs,     *

v.     *     Civil Action No. JRR-25-1516

AUSSIE PAINTING CORP.,     *

    Defendant.     *

REPORT AND RECOMMENDATION

Plaintiffs International Painters and Allied Trades Industry Pension Fund (Pension Fund); International Painters and Allied Trades Annuity Plan (Annuity Plan); Daniel R. Williams, in his official capacity as fiduciary on behalf of the Pension Fund and Annuity Plan; and the Finishing Trades Institute initiated the above-captioned action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., alleging that Defendant Aussie Painting Corporation (Aussie Painting) had failed to pay required contributions. ECF No. 1. Pending before the Court is Plaintiffs' motion for default judgment.[1] ECF No. 9. On January 28, 2026, the Honorable Julie R. Rubin referred the instant motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 12. No hearing is necessary. Local Rule 105.6. For the reasons set forth below, the undersigned respectfully recommends that the Court grant the motion and enter judgment in favor of Plaintiffs and against Aussie Painting in the amount of $29,059.18.

---

[1] Defendant Aussie Painting Corporation (Aussie Painting) did not file a response in opposition to pending motion for default judgment and the time to do so has expired. ECF No. 9; Local Rule 105.2.a (D. Md. Dec. 1, 2025). On March 13, 2026, the undersigned entered a Paperless Order that (1) directed the filing of a supplement to the instant motion that demonstrates the interest calculations and (2) provided Aussie Painting with an opportunity to respond. ECF No. 13. Aussie Painting did not file a response by the March 23, 2026 deadline.

## I.   BACKGROUND

### A.   Factual Background[2]

The Pension Fund and Annuity Plan are multiemployer benefit funds and employee benefit plans as defined by ERISA.  ECF No. 1 ¶ 1; *see also* 29 U.S.C. §§ 1002(2), (3), (37). The Finishing Trades Institute is a benefit plan.  ECF No. 1 ¶; *see also* 29 U.S.C. § 1002(1), (3), (37).  The Political Action Together Fund is an unincorporated association or fund that the International Union of Painters and Allied Trades established pursuant to the Federal Election Campaign Act of 1971 "for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office."  ECF No. 1 ¶ 2; *see also* 52 U.S.C. § 30101 *et seq*.  The Labor Management Cooperation Initiative is an unincorporated organization established for one or more of the purposes set forth in Section 5(b) of the Labor Management Cooperation Act of 1978.  ECF No. 1 ¶ 3; *see also* 29 U.S.C. § 186(c)(9).  Mr. Williams is a fiduciary of the Pension Fund and Annuity Plan with respect to the collection of contributions and other amounts due.  ECF No. 1 ¶ 4; *see also* 29 U.S.C. § 1002(21).  Aussie Painting is a New York corporation and an employer as defined by ERISA and the National Labor Relations Act of 1935.  ECF No. 1 ¶ 5; *see also* 29 U.S.C. §§ 152(2), 1002(5).

Aussie Painting was a party to, or agreed to abide by, the conditions of a bargaining agreement with International Union of Painters and Allied Trades and/or related entities.  ECF No. 1 ¶ 11.  Under the terms of the bargaining agreement and governing documents, Aussie Painting is required to regularly pay contributions to Plaintiffs, which are determined by hours worked by Aussie Painting's employees.  ECF No. 1 ¶ 12.  If these payments are not made on a

---

[2]  The factual background is drawn from the well-pleaded allegations of the Complaint, which are deemed to be admitted upon entry of a default judgment against Aussie Painting.  ECF No. 1; *Mey* v. *Phillips*, 71 F.4th 203, 223 (4th Cir. 2023).

timely basis, the contributions are considered delinquent, in which case Aussie Painting is required to pay liquidated damages and interest for each delinquency. ECF No. 1 ¶¶ 12, 20; *see also* 29 U.S.C. § 1145. The bargaining agreement also requires Aussie Painting to maintain time records and submit all relevant records to Plaintiffs for review to determine if full and prompt payments were made. ECF No. 1 ¶ 13. The bargaining agreement provides that if an audit of Aussie Painting's records reveals that it failed to provide full and prompt payment, Aussie Painting must reimburse Plaintiffs for amounts due, including audit and attorney's fees. *Id.*

An audit of Aussie Painting's records for the period of March 1, 2022, through May 31, 2024, established that Aussie Painting had failed to pay $19,103.70 in contributions. *Id.* ¶¶ 14, 21. Plaintiffs alleged that Aussie Painting owed $27,237.72 at the time they initiated this action. *Id.* ¶¶ 16, 19.[3] In their motion for default judgment, Plaintiffs allege that the total amount due with interest calculated through November 11, 2025, is $28,215.73. ECF No. 9-2 at 6.[4]

### B.       Procedural Background

Plaintiffs initiated this action against Aussie Painting on May 9, 2025, alleging a violation of Section 515 of ERISA, 29 U.S.C. § 1145. ECF No. 1. A summons was issued on May 12, 2025, and service was effectuated on May 13, 2025.[5] ECF Nos. 4–5. Aussie Painting

---

[3]  The alleged amount due as of May 8, 2025, includes contributions of $19,103.70, interest of $3,542.34, liquidated damages of $3,820.76, and the audit cost of $770.94, which total $27,237.7<u>4</u>, not $27,237.7<u>2</u>. ECF No. 1 ¶ 14.

[4]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

[5]  Federal Rule of Civil Procedure 4(h) provides that service of process on a corporation by "delivering a copy of the summons and of the complaint to an . . . agent authorized . . . by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The Affirmation of Service filed with the Court indicates that the summons was served on Sue Zouky, who is "a person duly authorized to accept service upon the Secretary of State of New York," at New York Department of State's Division of Corporations in Albany, New York. ECF No. 5 at 2. New York law provides that service of process may be served on the Secretary of State as agent of a domestic or authorized foreign corporation by, among other things, personally delivering service of process

did not file a responsive pleading and the time to do so expired on June 3, 2025. *Id.* On June 4, 2025, Plaintiffs filed a request for entry of default, and the order of default was entered on June 9, 2025. ECF Nos. 6–7. Aussie Painting, again, failed to respond. On January 9, 2026, Plaintiffs filed the instant motion for default judgment. ECF No. 9. Pursuant to the undersigned's order, on March 18, 2026, Plaintiffs filed a supplement to their motion that purported to clarify their calculation of interest. ECF Nos. 13–14. Again, Aussie Painting did not respond.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs seek entry of default judgment against Aussie Painting in the amount of $33,579.53, which includes underpayments, liquidated damages, pre- and post-judgment interest, audit costs, attorney's fees, and costs.[6] ECF No. 9 ¶ 5. The applicable standard of review and the issues of liability and available relief are addressed in turn below.

### A.   Standard of Review

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. "Although the United States Court of Appeals for the Fourth Circuit has a strong policy that cases be decided on the merits, default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Entrepreneur Media, Inc.* v. *JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (internal quotation marks and citations

---

to any person the Secretary of State has authorized to receive service at the office the Department of State in Albany, New York. N.Y. Bus. Corp. § 306(b)(1).

[6] Although the pending motion references Federal Rule of Civil Procedure 55(b)(1), in response to a Paperless Order, Plaintiffs subsequently clarified that they seek default judgment pursuant to Rule 55(b)(2). ECF Nos. 9–11. Subsection (b)(1) governs entry of a default judgment by the Clerk of the Court for a sum that is certain or "can be made certain by computation," whereas subsection (b)(2) applies to "all other cases." Fed. R. Civ. P. 55(b).

omitted).  Accordingly, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  When the party's claim is not for "a sum certain" or "a sum that can be made certain by computation," the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).

When deciding a motion for default judgment, "the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."  *Securities & Exch. Comm'n* v. *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005).  With respect to liability, the Court must consider whether the well-pleaded allegations state a plausible claim.  *Frozen Wheels, LLC* v. *Potomac Valley Home Med., Inc.*, Civil Action No. CCB-20-2479, 2024 WL 1132092, at *3 (D. Md. Mar. 15, 2024) (Coulson, J.) (noting that "the Court must consider whether the unchallenged facts constitute a legitimate cause of action because a party in default does not admit mere conclusions of law"); *Select Specialty Hosp. - Quad Cities, Inc.* v. *WH Adm'rs, Inc.*, Civil Action No. PX-18-03586, 2020 WL 4569521, at *3 (D. Md. Aug. 7, 2020) (observing that "the pleading standards announced in *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007), [apply] in the context of default judgments").  Therefore, a court reviewing a motion for default judgement under Rule 55(b) accepts the well-pleaded allegations as true and then determines whether the allegations support the relief sought.  *Securities & Exch. Comm'n* v. *Moody*, No. 3:18-CV-442 (JAG), 2019 WL 2494421, at *1 (E.D. Va. June 13, 2019).

If the Court determines that the well-pleaded allegations are sufficient to establish liability, it must then determine the appropriate amount of damages or other relief.  *Frozen Wheels, LLC*, 2024 WL 1132092, at *3; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593.  Rule 54 provides that a "default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings." Fed. R. Civ. P. 54(c).  Damages are therefore "circumscribed by that which is requested in the complaint." *Select Specialty Hosp.-Quad Cities, Inc.*, 2020 WL 4569521, at *3.  When assessing damages or other relief, the Court cannot accept as true the well-pleaded allegations but must instead make an independent determination that is "supported by evidence introduced either at a hearing or by affidavit or other records." *Id.*; *Entrepreneur Media, Inc.*, 958 F. Supp. 2d at 593; *see also Frozen Wheels, LLC*, 2024 WL 1132092, at *3 ("A plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence.").  The Court may "conduct hearings or make referrals," Fed. R. Civ. P. 55(b)(2), although an evidentiary hearing is not required in every circumstance, *Monge* v. *Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).  The damages request must be supported by evidence introduced at the hearing, by affidavit, or by other records.  *United States* v. *Bob Bakers Golden Services Inc.*, Civil Action No. PX-22-191, 2023 WL 3304897, at *2 (D. Md. May 8, 2023).

Entry of default judgment is "clearly appropriate" where a defendant "has had ample notice of impending judgment by default, but has taken no action whatsoever." *Lawbaugh*, 359 F. Supp. 2d at 422.  In *Lawbaugh*, this Court found entry of default judgment appropriate where the defendant, among other things, did not respond to the complaint, the entry of default, or the plaintiff's motion for default judgment.  Here, Aussie Painting has been similarly unresponsive. Aussie Painting did not file a responsive pleading to the Complaint, as required by Federal Rule of Civil Procedure 12(a)(1)(A), (4).  Aussie Painting also failed to respond to Plaintiffs' motion for default judgment and supplement to that motion.  Entry of default judgment is therefore appropriate.  Nevertheless, a "defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Securities*

*& Exch. Comm'n* v. *North Star Fin., LLC*, Civil Action No. GJH-15-1339, 2017 WL 5197402, at *2 (D. Md. Nov. 9, 2017) (quotation marks and citation omitted).

**B.    Liability**

Plaintiffs advance their sole cause of action under 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement."  To establish liability, Plaintiffs must show that Aussie Painting was "obligated to make contributions . . . under the terms of a collective bargaining agreement and that [it] failed to make such contributions."  *Trustees of Nat'l Automatic Sprinkler Indus. Welfare Fund* v. *Ornell Fire Sprinkler, Inc.*, Civil No. AAQ-23-2080, 2024 WL 640030, *3 (D. Md. Feb. 15, 2024); *accord Trustees of Nat'l Elec. Benefit Fund* v. *Northgate Equities, Inc.*, Civil Action No. TDC-24-217, 2024 WL 3690801, at *3 (D. Md. Aug. 7, 2024) (Quereshi, J.), *report and recommendation adopted*, 2024 WL 4648112 (D. Md. Aug. 27, 2024); *Trustees of Nat'l Elec. Benefit Fund* v. *LTP Contracting Grp., LLC*, Civil Action No. TDC-23-456, 2023 WL 6140227, at *4 (D. Md. Sept. 19, 2023) (Quereshi, J.), *report and recommendation adopted*, 2023 WL 8679030 (D. Md. Oct. 11, 2023).

Plaintiffs have satisfied each required element to establish liability.  First, Plaintiffs have alleged, and Aussie Painting has admitted, the various entity-related ERISA requirements.  *See*, I.A., *supra*.  Second, Plaintiffs' filings in support of the instant motion demonstrate that under the bargaining agreement, Aussie Painting agreed to make full and timely contributions to Plaintiffs.  Plaintiffs have tendered both the bargaining agreement (ECF No. 9-6 at 1–25) and the audit records (*id.* at 26–31).  These records are supported by the sworn declaration of Plaintiffs' Audit and Collections Director, who attested that Aussie Painting is a signatory to the bargaining

agreement and related agreements.  ECF No. 9-5 ¶¶ 3–4.  Third, an audit conducted by Novak Francella, LLC into contributions made from March 1, 2022, to May 31, 2024, revealed that Aussie Painting violated the bargaining agreement by failing to make required payments and owes $19,103.70 in delinquent contributions.  ECF Nos. 9-5 ¶¶ 5–7; 9-6 at 30–31.

### C.    Relief

Having found Aussie Painting liable, the remaining issue is the scope of available relief. The pertinent civil enforcement section of ERISA provides, in relevant part, that "[i]n any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan," unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other legal or equitable relief the court deems appropriate.  29 U.S.C. § 1132(g)(2). Here, Plaintiffs seek damages in the amounts set forth below.[7]

| Unpaid Contributions Per Audit (March 1, 2022 - May 31, 2024) | |
| --- | --- |
| Contribution Underpayments | $19,103.70 |
| 20% Liquidated Damages | $3,820.74 |
| Interest (through November 11, 2025) | $4,520.35 |
| Audit Costs | $770.94 |
| **Subtotal** | **$28,215.73** |
| **Attorney's Fees and Costs (through November 2025)** | |
| Attorney's Fees | $4,788.00 |
| Costs | $575.80 |
| **Subtotal** | **$5,363.80** |
| **TOTAL** | **$33,579.53** |

Each category of the requested relief is addressed in turn below.

---

[7]  Although Plaintiffs sought equitable relief in their Complaint, they do not request any such relief in their motion.  *Compare* ECF No. 1 at 9 *with* ECF No. 9-2 at 12–23.

1.      Unpaid Contributions

Plaintiffs' Audit and Collections Director attested that his duties include maintaining records of each person, company, or corporation obligated to remit funds; records of contributions; and managing Plaintiffs' audit program.  ECF No. 9-5 ¶ 1.  He further attested that, based on his personal knowledge of the records and files related to this case, Aussie Painting owes $19,103.70 in unpaid contributions.  *Id.* at ¶¶ 2, 5–6.  This figure is further supported by the payroll compliance review report Novak Francella, LLC prepared.  ECF No. 9-6 at 29–30.  Following a review of the documentation in support of this figure, the undersigned recommends that the Court award Plaintiffs $19,103.70 in unpaid contributions.

2.      Interest

The pertinent civil enforcement section of ERISA provides for an award of interest on delinquent contributions "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."  29 U.S.C. § 1132(g)(2).  As of February 1, 2023, the Pension Fund's Board of Trustees changed the interest rate on delinquent contributions from the 26 U.S.C. § 6621 statutory interest rate to 10 percent per annum until paid.  ECF No.  9-5 ¶ 6.  The audit revealed that Aussie Painting failed to pay contributions from June 2023 through October 2023.  ECF No. 9-6 at 31.  Plaintiffs assert they are owed $4,520.35 in interest from the date Aussie Painting's contributions became due through November 11, 2025.  ECF No. 9-5 ¶¶ 6–7.  Plaintiffs' motion and supporting exhibit do not detail how the amount of requested interest was calculated.  ECF No. 9.  The undersigned therefore ordered Plaintiffs to supplement their motion to demonstrate the relevant calculations supporting the requested amount of interest.  ECF No. 13.  In response, Plaintiffs filed a copy of the previously filed audit summary (*compare* ECF No. 9-6 at 30 *with* ECF No. 14-1 at 1) and a "corresponding interest breakdown" by quarter prepared by the auditor (ECF No. 14 ¶ 2).  The interest breakdown does not, however, provide

any additional information regarding the underlying interest calculations.  Instead, it merely divides the amount of interest by quarter instead of by year.  *Compare* ECF No. 14-1 at 2–3 *with* ECF No. 9-6 at 30.  Notwithstanding the fact that Plaintiffs have had two opportunities to "show their math," the undersigned is still unable to substantiate Plaintiffs' interest calculations.[8]  "[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested."  *International Painters & Allied Trades Indus. Pension Fund* v. *Libmak Co., LLC*, Civil Action No. ELH-12-1125, 2012 WL 5383313, at *5 (D. Md. Oct. 31, 2012) (Grimm, J.), *report and recommendation adopted*, 2012 WL 5947335 (D. Md. Nov. 27, 2012). The undersigned therefore recommends that the Court decline to award the requested $4,520.35 in interest calculated through November 11, 2025, and instead order payment of the interest that continues to accrue on the principal of Aussie Painting's unpaid contributions at the rate of 10 percent per annum from November 12, 2025, until the date paid.

Plaintiffs assert that they are also entitled to post-judgment interest.  28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  *See also Select Specialty Hosp. - Quad Cities, Inc.*, 2020 WL 4569521, at *7 (28 U.S.C. § 1961 "governs" the question of post-judgment interest in an ERISA case).  Based on this statutory command, this Court has found that an award of post-judgment interest is unnecessary.  *E.g.*, *Concentric Methods, LLC* v. *Cillian Techs., LLC*, Civil Action No. DKC-11-

---

[8]  What is more, an independent review of the relevant exhibits reveals that Plaintiffs may have calculated interest on the total amount of unpaid contributions ($19,103.70) during months when certain components of the unpaid contributions were not yet delinquent.  For example, the interest breakdown Plaintiffs filed with their supplement indicates that 10 percent annual interest was calculated on a $10,614.45 principal balance due to the International Painters and Allied Trades Industry Pension Fund (Pension Fund) in July, August, September, and October 2023. ECF No. 14-1 at 2.  Yet, the unpaid principal balance due to the Pension Fund did not reach the total amount of $10,614.45 until October 2023.  ECF No. 9-6 at 31 (documenting that Aussie Painting owed the Pension Fund $1,268.22 in June 2023; $2,049.37 in July 2023 (totaling $3,317.59); $3,777.09 in August 2023 (totaling $7,094.68); $1,847.19 in September 2023 (totaling $8,941.87); and $1,672.58 in October 2023 (totaling $10,614.45)).

1130, 2011 WL 6180143, at *2 (D. Md. Dec. 12, 2011) (finding that "an award of post-judgment interest need not be specifically granted because a plaintiff is entitled to recover such interest by operation of law").  Nevertheless, this Court routinely includes an award of post-judgment interest when entering a default judgment in an ERISA case such as this.  *E.g.*, *Trustees of Nat'l Elec. Benefit Fund* v. *All Nu Elec. Contracting Corp.*, Civil Action No. GJH-22-0544, 2023 WL 1416553, at *3 (D. Md. Jan. 31, 2023); *Trustees of Ironworkers Local Union No. 16 Pension Plan* v. *Bryant Concrete Construction, Inc.*, Civil Action No. DLB-18-3681, 2020 WL 134575, at *12 (D. Md. Jan. 10, 2020); *International Painters and Allied Traders Indus. Pension Fund* v. *Williamsport Mirror & Glass*, Civil Action No. WDQ-14-3134, 2015 WL 14033387, at *1 (D. Md. Mar. 31, 2015);.*International Painters & Allied Trades Indus. Pension Fund* v. *3 R Painting & Contracting Co., Inc.*, Civil Action No. RDB-12-272, 2013 WL 424694, *7 (D. Md. Jan. 31, 2013).  Accordingly, the undersigned recommends that the Court include in its judgment an award of post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, that will continue to accrue on the judgment until satisfied.[9]

### 3.    Liquidated Damages

Where an employer is found to be delinquent on contributions, the Court "shall award," among other things, "an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the amount of unpaid contributions.  29 U.S.C. § 1132(g)(2)(C).  The bargaining agreement states that contributing employers who default in payment "will be required to pay . . . liquidated damages as may be assessed by the Trustees."  ECF No. 9-6 at 23.  Plaintiffs' Audit and Collections Director attested that in this case liquidated damages are assessed at a rate of 20

---

[9] This interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."  28 U.S.C. § 1961.

percent.  ECF No. 9-5 ¶ 6.  Twenty percent of the total amount of unpaid contributions ($19,103.70) is $3,820.74.  As noted, the undersigned is unable to substantiate the amount of pre-judgment interest based on Plaintiffs' filings, *see* II.C.2., *supra.*, and therefore cannot assess whether the amount of interest or liquidated damages is greater.  Moreover, Plaintiffs specifically requested liquidated damages despite the fact that Plaintiffs calculated such damages to be less than the amount of pre-judgment interest.  ECF No. 9-2 at 9 ("[T]he Fund is proceeding with liquidated damages, even though the [requested] interest amount exceeds the amount of liquidated damages.").  The undersigned therefore recommends that the Court award $3,820.74 in liquidated damages.

### 4.  Audit Costs

The Court may award any legal or equitable relief that it deems appropriate.  29 U.S.C. § 1132(g)(2)(E).  Here, the bargaining agreement provides that "a Contributing Employer found delinquent or in violation of the Plan . . . as a result of an audit [may be required] to pay the Fund the cost of the audit."  ECF No. 9-6 at 24.  Plaintiffs submit that Aussie Painting should be required to pay the cost of the audit, which is $770.94 in testing fees.  ECF No. 9-5 ¶¶ 6–7.  This figure is supported by a sworn declaration and is appropriate under governing case law.  *E.g.*, *Security Workers Health and Welfare Fund* v. *Mid-Atlantic Sec. Services, Inc.*, 11 Fed. Appx. 51, 53 (4th Cir. 2001) (reversing the denial of an award of auditor fees where the employer had agreed to a provision requiring the repayment of audit fees should the fund's trustees seek collection of delinquent contributions through legal process); *Libmak Co., LLC*, 2012 WL 5947335, at *2 (adopting the recommendation that the Court award, among other relief, audit costs).  The undersigned therefore recommends that the Court award $770.94 in audit costs.

5.    Attorney's Fees and Costs

Plaintiffs are entitled by statute to recover attorney's fees in a civil ERISA enforcement action such as this.  29 U.S.C. § 1132(g)(2)(D) (directing that the court "shall award," among other things, "reasonable attorney's fees and costs of the action"); *see also Trustees of Elec. Welfare Trust Fund* v. *Third Generation Electric, LLC*, Civ. No. PX-18-0051, 2021 WL 82936, at *4 (D. Md. Jan. 11, 2021) (29 U.S.C. § 1132(g) entitles plaintiffs to attorney's fees).  The bargaining agreement at issue here also provides for payment of attorney's fees and costs incurred in Plaintiffs' collection of delinquent payments.  ECF No. 9-6 at 24.  Counsel for Plaintiffs attested that Plaintiffs have incurred $4,788.00 in attorney's fees through November 30, 2025, and $575.80 in costs (totaling $5,363.80) as a result of their attempt to collect unpaid, delinquent contributions from Aussie Painting.  ECF No. 9-3 ¶¶ 8, 12.  Counsel's declaration is further supported by billing records.  ECF No. 9-4.

In calculating an award of attorney's fees, the Fourth Circuit uses the "lodestar" method. *Robinson* v. *Equifax Information Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  First, the Court must multiply "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."  *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983).  Then, the specific facts of the case should be considered in calculating a reasonable figure, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barber* v. *Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors set forth in *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)); *see also*

*Trustees of Elec. Welfare Trust Fund*, 2021 WL 82936, at *4 (applying the *Johnson* factors to assessment of an ERISA civil enforcement action fee award).  The Court is not required to analyze each factor individually or even examine every factor but may instead consider the factors as a whole.  *Martin* v. *Mecklenburg Cnty.*, 151 Fed. Appx. 275, 283 (4th Cir. 2005); *Parker* v. *Reema Consulting Servs., Inc.*, Civil Action No. TDC-17-1648, 2022 WL 2905475, at *3 (D. Md. July 21, 2022).

In determining whether Plaintiffs' attorney's hourly rates are reasonable, the undersigned finds *Johnson* factors five (customary fees for like work) and nine (experience and ability) most relevant.  Appendix B of this Court's Local Rules, which outlines guidelines for determining reasonable attorney's fees, provides that the Fitzpatrick Matrix[10]—with a reduction of 5 to 20 percent to account for market differences—may be a useful guideline for determining reasonable hourly rates.  Local Rule App'x B.3. (Guidelines Regarding Hourly Rates).  Fee matrices can be a "useful starting point to determine fees" that a district court "may consider, but is not bound by."  *De Paredes* v. *Zen Nails Studio LLC*, 134 F.4th 750, 753 (4th Cir. Apr. 15, 2025) (holding that a district court may not treat a fee matrix contained in its local rules as "presumptively reasonable" and require special justification to deviate from it) (quoting *Newport News Shipbuilding & Dry Dock Co.* v. *Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)).

In her declaration, Plaintiffs' counsel attests that she bills at an hourly rate of $360.00 and that the two paralegals bill $210.00 and $185.00 per hour.  ECF No. 9-3 ¶ 7.  The rates for counsel and the paralegals are amply supported by their respective experience and are well within the hourly rates set forth in the adjusted Fitzpatrick Matrix.  ECF No. 9-3 ¶ 7(a) (attesting that Plaintiffs' attorney has been a practicing attorney for 31 years, with 22 years of ERISA litigation experience), ¶ 7(b) (attesting that a paralegal billing $210.00 per hour has over 20 years

---

[10] Available at https://perma.cc/6VHN-2RRE (last visited April 2, 2026).

of experience as a paralegal or legal assistant, with 15 years of ERISA litigation experience), ¶ 7(c) (attesting that a paralegal billing $185.00 per hour has over 17 years of experience as a paralegal or legal assistant); The Fitzpatrick Matrix (advising that the reasonable hourly rate in 2025—after reducing the hourly rate by 5 to 20 percent as suggested by Appendix B—for an attorney admitted to the bar for thirty-one years is $739.20 to $877.80, and that the reasonable hourly rate for a paralegal is $204.00 to $242.25).

Based on a review of the invoices, Plaintiffs' counsel billed a total of 2.5 hours, and the paralegals billed a total of 12.7 hours (at $210.00 per hour) and 6.6 hours (at $185.00 per hour) for work between March 2025 and November 2025.  ECF No. 9-4.  The time spent on this case, which totals 21.8 hours, is reasonable considering *Johnson* factors one (time and labor) and two (novelty and difficulty).  *International Painters & Allied Trades Indus. Pension Fund* v. *Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 689 (D. Md. Jan. 24, 2013) (finding 17.8 hours reasonable "considering the complexity of the case and the amount of labor required to initiate the case, take the necessary procedural steps in moving for default judgment, and prepare sufficient evidence in support of the damages requested").  Additionally, the requested costs of $575.80 for filing and service fees (ECF No. 9-3 ¶ 12) are the type of expenses normally incurred in preparing a case for litigation.  *Capital Restoration & Painting Co.*, 919 F. Supp. 2d at 689.

In sum, considering the available evidence, the guidance set forth in Appendix B, and the adjusted Fitzpatrick Matrix, as well as the *Johnson* factors, the undersigned finds Plaintiffs' attorney's fees and costs reasonable and therefore recommends that the Court award the requested amount of $5,363.80.

**III.      CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that the Court grant Plaintiffs' motion for default judgment.  The undersigned further recommends that the Court award Plaintiffs a total of $29,059.18, which consists of $19,103.70 in unpaid contributions, $3,820.74 in liquidated damages, $770.94 in audit costs, $4,788.00 in attorney's fees, and $575.80 in costs.  Finally, the undersigned recommends that as part of its judgment, the Court order that interest continue to accrue at the rate of 10 percent on the principal unpaid contributions from November 12, 2025, until the delinquent payments are satisfied, as well as post-judgment on the balance of the judgment from the date of the entry of judgment until satisfied pursuant to 28 U.S.C. § 1961.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Aussie Painting at the physical and email addresses listed below.

Aussie Painting Corporation
c/o Irene Vellios, President
288 Park Avenue Manhasset, NY 11030
velliosirene@yahoo.com

Date:  April 2, 2026                                          /s/
                                                        Erin Aslan
                                                        United States Magistrate Judge

16